Minshall, J.
These two cases relate to the same. subject of litigation and present similar questions, and for these reasons are reported together.
In the case of the City of Fostoria v. Fox, the suit below was brought by Fox against the city for a mandatory injunction, requiring it to remove a dam from a stream of water, a branch of Portage river, the dam being a part of its system of works for supplying water to itself and its citizens; and for damages, on the ground that the lands of the plaintiff were thereby wrongfully overflowed and injured. The dam was on the premises owned by the city, but a short distance below the lands of the plaintiff, situated on the stream above. The defendant was served with process by the sheriff of Seneca county, on a summons issued by the clerk of the court of common pleas of Hancock county. The defendant appeared for the purpose only of objecting to the jurisdiction of the court over it, and moved to quash the summons, and set aside the service made upon it on the ground that it is a city situate within Seneca county. ' It appeared, however, that a part of the city is within Hancock county, but that its principal place of business and all of its offices, are situate within Seneca county. In other words, Fostoria is sub *348 stantially a city in Seneca county. The court overruled the motion and held that it had jurisdiction of the person of the defendant on the service as made. The defendant excepted. Issues were then made up, trial had, and judgment rendered against the city. It appealed to the circuit court The same objection was there made to the court’s jurisdiction; the objection was overruled and exception taken; and a trial had, which resulted in a judgment against the city.
Error is prosecuted here on various assignments of error, among others, that the court erred in overruling its motion to quash the summons, and set aside the service made upon it.
Evidently the court did not proceed upon the assumption that Fostoria is a city situate in Hancock county; for in such case the summons should have been issued to and served by the sheriff of that county, instead of to the sheriff of Seneca county; and the real question would seem to be, whether a city in a case like this may be sued in a county other than the one in which it is situated.
The action as brought is not a local one. This will appear from an examination of the chapter of our code of civil procedure, fixing the venue of actions, beginning with section 5022, and including section 5034, Revised Statutes. It is not an action for the recovery of real estate, or an interest therein, nor to enforce a lien of any kind upon it — it is for a consequential injury to such property, the defendant and the thing causing the injury, the dam, being both situate in another county. Nor is it within any of the eases that, under section 5025, must be brought in the county where the cause of action arose or some part thereof. This section applies *349 only to actions for fines and penalties, to actions, against public officers for neglect of official duty, and to actions brought upon their bonds. The cause of action of the plaintiff below is under our code, transitory in character. At law the plaintiff had a right to proceed against the defendant for consequential damages; and such action could have been brought in Seneca county, as it is not local in character, that is, it need not be brought where the injury occurs. He proceeded in equity for a mandatory injunction, as well as for damages. If he had simply proceeded for a mandatory injunction, the suit could have been brought in Seneca, where the defendant had its domicil, and the thing sought to be abated was situate; and should have been brought there and not elsewhere. This necessarily results from the general rule prescribed in section 5031. It follows the sections prescribing where certain actions must, or may be brought; and is as follows: “Every other action must be brought in the county in which a defendant resides, or may be summoned,” except actions against executors, etc., which may be brought where the appointment was made or the defendant resides. It was held at an early day in Genin v. Grier, 10 Ohio, 209, that the common law division of personal actions into local and transitory is not known in Ohio. Local actions are such only as are made so by statute; and all other personal actions may be prosecuted in any county where process may be served on the defendant. See, also, Butler v. Birkey, 13 Ohio St., 514, 518.
It is argued, however, that under sections 5026, 5038 and 5044, construed together, this action was rightly brought and jurisdiction obtained of the defendant in Hancock county. We are unable to *350 see how section 5038 can be of any-avail in this case. It simply provides that where an action has been rightly brought under the provisions of the Code, a summons may, at the request of the plaintiff, be issued to another county against one or more defendants. This section can only apply where the action has been rightly brought in the county where commenced. This action had not been rightly brought in Hancock county, where the summons was issued to the sheriff of Seneca. It had not in law, been brought at all; and could not be regarded as brought until the city had been rightly summoned. It is the only defendant to the action. Nor do we see how under the other two sections, or either of them, the service made in this case can be supported. Section 5044 simply provides how service against a corporation may be made: The summons may be served on the president, mayor, or other chief officer. There is no question in this case but that the proper officer was served, had the writ been properly issued.
We come now to section 5026 under which the claim is principally made, that the court acquired jurisdiction in this case. It reads as follows: “An action other than one of those mentioned in the first four sections of this chapter (being the sections prescribing a local venue to certain actions) against a corporation created under the laws of this state, may be brought in the county in which such corporation is situated, or has, or had, its principal office or place of business, or in which any corporation has an office or agent.” Of course this section can be of no avail in supporting the jurisdiction of the court, unless there was a showing that Fostoria is situate within Hancock *351 county, or, being partly situate in this county, has its principal office or place of business therein, or at least an office or agent therein. But this is not claimed to be the case. The court found that a part of the city is within Hancock county, and then expressly found that its principal place of business is not therein, and that none of its officers or agents reside therein. We do not wish to be understood as intimating that, had the mayor resided in the part of the city within Hancock county, service could have been made on him at his residence, that would have bound the city. We suppose that in the case of a city, it would require a showing that the office of the mayor is located within the county where the suit is brought and that its principal place of business is therein.
But it is also claimed, that where a city is partly within one and partly within another county, it has a situs in each. This we think is not admissible. If this were so, it would be two cities instead of one. It would be quite as consistent with reason to say, that an individual could have two domiciles. The situs of a city is to be determined by the place where its principal seat of municipal government is located.
Again, if the above assumption were correct, then, as before pointed out, the service was bad; because it was made by the sheriff of Seneca countjq and not by the sheriff of Hancock, as it should have been, if Fostoria is a city of Hancock county.
As to the case of Fox v. Fostoria: After the determination of the previous suit, the city proceeded to make certain changes at its dam, so as to conform to suggestions of the court, whereby the injury complained of might be avoided. But *352 the plaintiff, claiming that the changes had not avoided injury to his land, commenced this suit for an injunction and damages. The case having ' been heard in the common pleas, was appealed to the circuit court, where it was heard on the merits, and the court finding for the city, dismissed the action. The same question as to jurisdiction was made and reserved in both courts. The plaintiff in error seeks to reverse the judgment on the ground that the court erred in the admission of evidence, that the finding is against the weight of evidence, and that the judgment is against the law and the facts. There is no finding of facts, but the record contains all the,, evidence. We are of the opinion that there was no error in the admission of evidence; and, if it were proper for us to weigh the evidence, we have examined it sufficiently to say, that we would not disturb the finding below. Nor is the judgment against the law.
The court had jurisdiction of the subject matter, and the plaintiff having invoked it against the defendant, cannot object to an affirmance of the judgment on the ground that the court had no jurisdiction of the person of the defendant. It is an advantage a defendant jn such a case has: He may avail himself of a judgment in his favor on the merits, or set it aside for want of jurisdiction, where it is against him. .
It is proper to observe that the plaintiff in error does not ask a reversal of the judgment on the ground of a want of jurisdiction of the court over the person of the defendant, what has just been said it is to remove any appearance of inconsistency in reversing the first, and affirming the second ease on error; in as much, as the court *353 had, in neither case, actual jurisdiction of the defendant.

Judgment in the first case reversed and petition dismissed; in the second case the judgment is affi/i'med.